UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23cv24884

GWENDOLYN C. HINES,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Foreign Profit Corporation, d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT

Plaintiff GWENDOLYN C. HINES, by and through undersigned counsel, hereby sues Defendant, CARNIVAL CORPORATION, a Foreign Profit Corporation, d/b/a CARNIVAL CRUISE LINE (hereinafter "CARNIVAL") and in support thereof alleges:

### Jurisdictional Allegations

1. This is an action for damages in excess of $75,000.00 exclusive of interest, costs and attorneys' fees, and is thus within the jurisdictional amount of this Court.

2. Plaintiff is a resident of Miami-Dade County, Florida, is over the age of eighteen and is otherwise *sui juris*.

3. CARNIVAL is a Foreign Profit Corporation, that is authorized to and is conducting business in Miami-Dade County, Florida.

4. At all times materials hereto, Defendant through its agents was conducting business in the State of Florida as a result of the following:

Case No.:
Page 2

 (A) Operating, conducting or engaging in or carrying on a business or business venture in Miami-Dade County, Florida pursuant to Chapter 48.081, 48.181, 48.19, 48.193, Florida Statutes, by operating vessels within this State or employing Seamen aboard such vessels or otherwise engaging in substantial activity in this State through agents, officers, or employees of Defendant here located.

 (B) Gaining substantial economic benefit from activities conducted within this State or its waters.

5. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

6. The incident giving rise to this action occurred in Miami-Dade County, Florida.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers, such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in the Southern District of Florida.

8. Jurisdiction and venue are proper in the US District Court for the Southern District of Florida, Miami Division.

9. Plaintiff has complied with all conditions precedent to bringing this action, including, but not limited to reporting the Plaintiffs trip and fall, and resulting injuries, to Defendant CARNIVAL at the time they occurred.

10. All conditions precedent to the filing of this suit have been completed or otherwise waived.

**Factual Allegations**

11. At all times material hereto, CARNIVAL owned, operated, managed, maintained

and/or controlled the passenger ship Carnival Celebration who's Port of registry is Nassau, Bahamas.

12. On or about January 3, 2023, Plaintiff was a passenger on the Carnival Celebration.

13. As Plaintiff was walking onto the Carnival Celebration, Plaintiff tripped and fell on an improperly placed bridge divider which posed a dangerous condition.

14. As a result of the fall caused by the improperly maintained ship, Plaintiff suffered serious injury.

15. At all times material hereto, Plaintiff was lawfully upon the ship as a passenger.

16. CARNIVAL knew, or in the exercise of reasonable care should have known of the unreasonably dangerous condition of its ship and the risk of injury to Plaintiff and all similarly situated persons.

17. Plaintiff did nothing improper to cause the fall.

## **COUNT I – NEGLIGENCE OF CARNIVAL CORPORATION**

18. Plaintiff readopts and realleges paragraphs 1 through 17 as if fully incorporated herein.

19. CARNIVAL owed Plaintiff the following duties:

    a. to use reasonable care in maintaining the ship in a reasonably safe condition;

    b. to warn of any latent or concealed perils that were known or should have been known to CARNIVAL;

    c. to comply with all relevant ship building standards, codes, laws and regulations, and

    d. to use reasonable care to learn of any dangerous conditions on the ship.

20. CARNIVAL breached the duty of care it owed Plaintiff by:

   a. failing to use reasonable care in maintaining the ship;

   b. failing to warn others of any latent or concealed perils or defect which was known or should have been known to CARNIVAL;

   c. failing to comply with all relevant ship building standards, codes, laws and regulations, and

   d. failing to use reasonable care to learn of any dangerous conditions on the ship.

21. At all times material herein and for a considerable period of time prior thereto, CARNIVAL had actual knowledge of the dangerous condition described above, or in the exercise of reasonable care CARNIVAL should have known of such a condition.

22. As a direct and proximate result of the negligence of CARNIVAL, Plaintiff has suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life and aggravation of preexisting conditions.  Plaintiff has expended and will in the future be compelled to expend monies for medical bills and other expenses in and about the treatment of related injuries.  Plaintiff has undergone medical treatment and will in the future be compelled to undergo medical treatment.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GWENDOLYN C. HINES, hereby demands judgment for damages, costs and interest against CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE and demands trial by jury on all issues so triable.

**COUNT II - BREACH OF CONTRACT BY
CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE**

Case No.:
Page 5

23.     Plaintiff readopts and realleges paragraphs 1 through 22 as if fully incorporated herein:

24.     Defendant, as a common carrier for hire, agreed to transport the Plaintiff on a cruise, and pursuant to that agreement, Plaintiff became a passenger on the Carnival Celebration on or about January 3, 2023.

25.     On or about January 3, 2023, Defendant was under contract with the Plaintiff to provide her with safe passage aboard the Carnival Celebration.

26.     Plaintiff does not have a copy of the Boarding Pass in her possession, but alleges that the contents therein and terms thereof are known to the Defendant and the Plaintiff respectfully requests that this Court incorporate the terms thereof.

27.     Defendant breached its contract with the Plaintiff by allowing a negligent condition to be present on the ship which caused Plaintiff to trip and fall and resulted in serious injury to the Plaintiff.

28.     As a direct and proximate result of Defendant's negligence, Plaintiff lost the value of monies paid to Defendant for safe voyage on the subject vessel.  Additionally, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and/or anguish, emotional distress, loss of capacity for the enjoyment of life, and the expense of hospitalization, medical and nursing care and treatment, aggravation of a preexisting condition.  These and other losses are either permanent or continuing and the Plaintiff will continue to suffer the losses in the future.

Case No.:
Page 6

WHEREFORE, Plaintiff, GWENDOLYN C. HINES, demands judgment for damages against Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, and further demands trial by jury.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 26 day of December 2023.

/s/ Al Del Risco, Esq.
Florida Bar No.: 1002956
**Panter, Panter & Sampedro, P.A.**
*Attorneys for Plaintiff*
6950 North Kendall Drive, Miami, FL 33156
Telephone: 305-662-6178
adelrisco@panterlaw.com